(92 Misc. Rep. 30)

## WILLARD v. PILCHER.

(Supreme Court, Special Term, Albany County.   October, 1915.)

STATES ⬤⟶53—EXECUTIVE SECRETARY TO STATE ARCHITECT—REMOVAL.

A person appointed "executive secretary" to the state architect after the taking effect of Laws 1914, c. 111, providing that the secretary or assistant secretary of the state architect shall be removable at his pleasure, may be removed at the pleasure of the state architect, without a hearing on notice on stated charges, though he is an exempt fireman.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 43, 58;  Dec. Dig. ⬤⟶53.]

In the matter of the application of Francis A. Willard for a peremptory writ of mandamus against Lewis F. Pilcher, State Architect and head of the Department of Architecture of the state of New York.   Motion for writ denied.

Henry Kohl, of Newburgh, for applicant.

E. E. Woodbury, Atty. Gen., for state architect.

HASBROUCK, J.   Francis A. Willard was appointed private secretary by Charles Sussdorf, state architect, on the 1st day of May, 1913, at a salary of $2,700.   On or about August 25, 1914, the title of the office was changed to "executive secretary" and the petitioner's salary was raised to $4,000.   There appears to have been no change of duties in the office.   There has never been but one secretary appointed.   Chapter 111 of the Laws of 1914, at the time of the change in title, provided for the appointment of a secretary to hold during the pleasure of the state architect.   On or about August 11, 1915, the state architect wrote Mr. Willard:

"I beg to advise you that your appointment as 'executive secretary' is hereby terminated.   *   *   *"

Willard claimed to the state architect that he was an exempt fireman, and under section 22, c. 264, of the Laws of 1910, could not be removed, except "after a hearing upon due notice upon stated charges."   It is unquestioned that there were no charges made against Willard, and under any circumstances, that provision of the statute not having been complied with, he would be entitled to reinstatement, if there were no other legal requirement regulating removals from positions such as his.   He, however, was appointed to office after the taking effect of chapter 111 of the Laws of 1914, which made the secretary or assistant secretary of the state architect removable at pleasure.

There is hostility between the laws relating to the tenure of office of exempt firemen and the tenure of office of the secretary of the state architect.   Where removal is made specifically to hang on the pleasure of the appointing power, a statement of the charges and a hearing would be out of place.   Where written charges are required "pleasure" is exorcised.

The petitioner claims that the position of executive secretary is recognized by chapter 925 of the Laws of 1915, which makes an appro-

priation: "For salary of executive secretary, * * * $4,000." It was not the purpose of the appropriation act to create a new office. The appropriation was not to pay a name. It was to appropriate such "reasonable sums as shall fairly compensate them for the services to be rendered." Chapter 111, § 7, supra. Under whatever title the services were rendered, they were secretarial. Whatever the description of the secretary who was removed, whether "the," "private," or "executive," he was the officer whose pay was provided for in the statute. There was warrant in the law for appointing and for paying him. If that be so, there was also a warrant in the law for removing him at pleasure, unless he had a claim for retention superior to that based upon the fact that he had served the required time as volunteer fireman.

The motion for a writ of mandamus is denied, with $10 costs to the respondent.

Motion denied, with $10 costs.